UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO

| | | |
|---|---|---|
| DANIEL JONES,<br><br>Petitioner,<br><br>v.<br><br>UNITED STATES OF AMERICA,<br><br>Respondent. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 4:07 CV 1652<br><br>JUDGE DAN AARON POLSTER<br><br>MEMORANDUM OF OPINION AND ORDER |

Before the court is pro se plaintiff Daniel Jones's "Motion for Relief" pursuant to 28 U.S.C. § 2241. He filed this action against the United States seeking "relief" from a decision issued by the Federal Bureau of Prisons (BOP). Mr. Jones, who is currently incarcerated at the Federal Correctional Institution in Elkton, Ohio ("F.C.I. Elkton"), seeks an order from this court compelling the respondent to enroll him in a 500 hour Residential Drug Abuse Program (RDAP).

*Background*

It appears from an attachment to the petition that Mr. Jones was sentenced to a term of sixty months in prison, effective December 3, 2004. His Sentence Monitoring Computation Data indicates that his projected Statutory Release Date is April 25, 2009. No additional information is provided in the petition regarding Mr. Jones's conviction or sentence.

A Residential Drug Abuse Program Notice to Inmate is attached as Exhibit B to the petition. The Notice, dated September 22, 2006 and prepared by Lori A. Fricke, Chief Psychologist at F.C.I. Pekin in Illinois, indicates that Mr. Jones may be "provisionally eligible" for early release upon completion or qualification for a RDAP.

At some point after the September 22, 2006 Notice was issued, Mr. Jones was transferred from F.C.I. Pekin to F.C.I. Elkton. Once at F.C.I. Elkton, a Notice of RDAP Qualification and Provisional § 3621(e) Eligibility was prepared and sent to the petitioner. This Notice, prepared by Dr. Andrew Ward, Acting DAP Coordinator, was issued to Mr. Jones on February 1, 2007. Dr. Ward provided the following Comments under "Section 1 - RDAP Qualification:"

> Review of your Central File determined that your PSI does not contain sufficient documentation to support the diagnosis of substance abuse or dependence within the required time frame. If additional information concerning your drug abuse or dependence is obtained, then your eligibility will be reconsidered.

(Notice from Ward to Jones of 2/1/07.) Based on Dr. Ward's assessment, Mr. Jones was not qualified to participate in a RDAP.

In an attachment to the petition, Mr. Jones provides a copy of the Federal BOP Psychology Data System, Treatment Plan prepared for him and dated April 25, 2007. The Plan, completed by Mr. Jones and based on a non-residential drug treatment program, includes two Problem Statements, Goal Statements and Treatment Activities in which he planned to participate in order to meet his Goals.

Mr. Jones now argues that he is entitled to participate in a RDAP because the

sentencing court recommended that he participate in a drug treatment program during his term of imprisonment. He protests that in spite of this recommendation, he was told that he needed a documented history of drug or alcohol abuse twelve months prior to his date of incarceration. The staff at F.C.I. Elkton advised him that he is ineligible for placement in a RDAP because he did not have "dirty urine" during the time he was on house arrest from November 5, 2003 until December 4, 2004. Mr. Jones asserts, however, that he has satisfied the criteria because he violated his house arrest in July and November of 2004. Moreover, he refers to a July 12, 2006 incident report issued for "Making, Possessing or Using Intoxicants" while at F.C.I. Pekin. He adds that he has been seeing a drug abuse psychologist since 1997 and that the court ordered that he continue this treatment while on bond.

Mr. Jones contends that the BOP is acting in contravention of its own policy. He claims, specifically, that while the BOP enjoys wide discretion "this discretion must be consistent with statutory language." (Pet. at 6.) It is petitioner's opinion that under 18 U.S.C. § 3621(e)(5) and his Treatment Plan, he is a "eligible and willing prisoner as prescribed by the statute." (Pet. at 7.) He requests that the court order his placement in a RDAP and grant a one year reduction of his sentence "regardless of his completion date." (Pet. at 7.)

In a separate Motion for Waiver of Exhaustion Remedy [Dkt.#2], Mr. Jones asks the court to waive the exhaustion requirement. He claims his attempt to file administrative remedies was thwarted when the BOP lost his Internal Resolution Form. When he later attempted to file an appeal it was denied because he failed to include a copy of the lost Internal Resolution form.

*28 U.S.C. § 2241*

Courts have uniformly held that claims seeking to challenge the execution or manner

in which a sentence is served shall be filed in the court having jurisdiction over the prisoner's custodian under 28 U.S.C. § 2241. Capaldi v. Pontesso, 135 F.3d 1122, 1123 (6th Cir. 1998)(citing United States v. Jalili, 925 F.2d 889, 893 (6th Cir. 1991)); Wright v. United States Bd. of Parole, 557 F.2d 74, 77 (6th Cir. 1977). Before filing a habeas corpus petition under 28 U.S.C. § 2241, federal prisoners are required to exhaust administrative remedies. Little v. Hopkins, 638 F.2d 953, 953-954 (6th Cir.1981) (per curiam). Since the exhaustion of administrative remedies procedure required of a § 2241 petitioner is not a statutory (PLRA) requirement, but instead, a wholly judicially created requirement, this court's jurisdiction is not dependent on whether a petitioner successfully completes that process. See Wesley v. Lamanna, 27 Fed.Appx. 438, 2001 WL 1450759 (6th Cir.2001). Therefore, inasmuch as Mr. Jones has attempted to avail himself of his administrative remedies, this court will grant his waiver request and address the merits of his petition as filed.

*18 U.S.C.§ 3621(b)*

Congress authorized the BOP to provide substance abuse treatment for prisoners who, according to its determination, have a treatable condition of substance addiction or abuse. See 18 U.S.C. § 3621(b) (providing that "[t]he Bureau shall make available appropriate substance abuse treatment for each prisoner the Bureau determines has a treatable condition of substance addiction or abuse"). Although neither the statute nor federal regulations directly address whether it is within the sentencing court's authority to order a defendant's participation in a drug rehabilitation program, they do indicate that it is solely within the authority of the BOP to select those prisoners who will be best served by participation in such programs. United States v. Jackson, 70 F.3d 874, 877 (6th Cir. 1995). Citing several relevant federal regulations, the Jackson court noted:

> [the] Bureau has broad authority to manage the enrollment of prisoners in drug abuse

> treatment programs. See 28 C.F.R. § 550.53 (providing that upon interviewing a new inmate and reviewing his records, the Bureau's drug abuse treatment staff will make an appropriate drug treatment referral); 28 C.F.R. § 550.56(b) (allowing the drug abuse treatment coordinator to decide whether an inmate is placed in a residential drug abuse treatment program); 28 C.F.R. § 550.56(d)(2) (giving the drug abuse treatment coordinator the authority to remove an inmate from a program if the inmate behaves disruptively). See also United States v. Wilson, 503 U.S. 329, 335, 112 S.Ct. 1351, 1354-55, 117 L.Ed.2d 593 (1992) (stating that "[a]fter a district court sentences a federal offender, the Attorney General, through [the Bureau], has the responsibility for administering the sentence").

Jackson, 70 F.3d at 878. The Sixth Circuit concluded that it is beyond the district court's authority to order a defendant's participation in a drug treatment program while incarcerated. Therefore, to the extent Mr. Jones asserts he is entitled to participate in a RDAP by order of the court, he has failed to state a claim. Moreover, assuming that the sentencing court recommended petitioner receive drug treatment, the BOP has satisfied that requirement. Mr. Jones is enrolled in a non-residential drug treatment program. This court cannot, however, direct the BOP to enroll him in a *residential* drug treatment program. Beyond the obvious advantage of being eligible for early release after participating in an RDAP, Mr. Jones has not alleged or argued that his enrollment in a residential drug treatment program is something to which he is entitled, as a matter of law.

## *Conclusion*

Upon due consideration of the fact that Mr. Jones has failed to raise any issue for

which this court could grant habeas relief, his petition for writ of habeas corpus is dismissed. 28 U.S.C. § 2243. The court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that an appeal from this decision could not be taken in good faith.[1]

IT IS SO ORDERED.

*/s/Dan Aaron Polster 8/29/07*
DAN AARON POLSTER
UNITED STATES DISTRICT JUDGE

---

[1] 28 U.S.C. § 1915(a)(3) provides:

> An appeal may not be taken in forma pauperis if the trial court certifies that it is not taken in good faith.